Good morning, Steve Wax for Petitioner Appellant Mr. Bolt. In Pate v. Robinson, the Supreme Court held that when evidence raises a bona fide doubt about an individual's competence, the court must hold a hearing. The Oregon Legislature in ORS 161.370, consistent with the decision in Pate, requires that an evaluation be ordered when there is a bona fide doubt. Mr. Wax? Yes. This is not, as I understand your briefing in your habeas petition, you didn't raise a due process claim. I did. Unfortunately, that claim is not exhaustive. So let's assume that the trial court should have ordered a competency hearing. Indeed, it tried to. The first judge said, well, I'm going to have you evaluated and then we'll go on from there. The question, but you're only asserting ineffective assistance to counsel. And so, start from the premise that your claim was entitled to such a hearing. And let's address the ineffective assistance to counsel issue. How did counsel fall below the first judge? He was then told by the state that I've got a, he had apparently had no great defenses to the, to the charges. I'm not sure that I would concede that. I don't know that the record is. The record at least doesn't, the record, he may have an affidavit to counsel that says this was a good deal. I was worried that my client was going to get five years or more. He confers with his client, who seems lucid. He goes back to the second judge. There's a colloquy. The judge determines that the plea is voluntary. Why under that circumstances hasn't counsel performed very well? The best he could have hoped for from a competency hearing was a delay in the trial. I assume that his, his client wouldn't be incompetent forever. And so, he's gotten a one-day offer that puts him in a better situation than he would have been had he tried it. That's what his affidavit says, and there's no contradiction in that affidavit. Why isn't that good assistance to counsel as opposed to ineffective assistance? There's no question that a defense attorney in that situation has a difficult ethical decision to make. As I understand what the Supreme Court said in Pate, competence cannot be waived. Once the question of competence to proceed is before the court, once a defense attorney has recognized that there is a question of competence, that issue must be determined. Even, even if the attorney reasonably determines that in the long run his client will be prejudiced by having such a, such a determination? I don't believe an attorney can waive the client's right to competence any more than the, a determination of competency any more than the client can waive the determination of competency. Let me, let me ask you a related question. The judge, the second judge, took a plea, conducted a plea colloquy, determined that the plea was intelligent, that, that, that your client intelligently and knowingly waived his various constitutional rights. That, that's not before us. Correct. But, since it's not before us, does that determine the issue of competency? Can you knowingly and intelligently waive your constitutional rights if you're not competent? I believe the answer to that question is settled and the answer is no. There's a distinction between. Yeah, I understand. The voluntariness of the plea. I understand the distinction, but does the judge's conclusion that this was knowing and said, he seemed, we talked about this, seemed intelligent. Who's it? You can talk to a judge. The judge did, did determine that the plea was voluntary. Does that dispose of the competency issue? I don't believe so because as this record reflects, the inquiry of the judge in the afternoon in taking the plea was only made after the plea had been accepted when his lawyer had been issued only two hours before. But he did, he did conduct, as I read the record, a full colloquy on the plea. He did. I understand you're giving up your right to a jury, to confront witnesses. Yes. Et cetera, et cetera. You can fight all this. Your client answered the questions. The judge, the judge concluded that his plea was knowing and voluntary. Well, as a number of courts have held, including this one, a person can appear lucid, a person can appear rational, yet still be incompetent. And the reason why, as I understand the development of the law, that the courts have been insistent that when competence is raised, there be a proper evaluation by a qualified psychiatrist or other mental health professional, is that we, lawyers, judges, have great expertise, but not the same expertise as the mental health professional. There are some cases which have said that the lawyer's opinion about his client's competence is something that a court can rely on. There are other cases which have said that the lawyer doesn't have the same expertise. But let's assume that there was ineffective assistance in the sense that what the lawyer, what Mr. Diehl did was fell below the level of professional competence, that he should not have waived this. But moving on to the question of prejudice, we have to ask, okay, what happens if he had gone forward? Would there have been a determination that he was incompetent? What do I do with the conclusion by the post-conviction court that he was competent? And what do I do with that more pointedly under AEDPA? Sure. I believe that it is not entitled to deference under AEDPA for two reasons. First, as a matter of law, the PCR court did not consider the requirements under 8. The PCR court made no inquiry into the question of whether having had an order entered by a judge with a fact finding as required by state law that competence was an issue, whether that issue had been resolved as required by both the U.S. Constitution and Oregon state law. That was not considered. Therefore... But I'm interested in a different question, which is, I'm trying to figure out if there was prejudice. And the argument in favor of prejudice is that had the attorney insisted, as for purpose of my question, I'm assuming, he should have insisted on the competency hearing. And if he'd been found incompetent, he could not have accepted the plea and so on. Okay. So the question as to prejudice, then, is would he have been found incompetent? And the PCR court very clearly says he was competent. The PCR court made that finding based on its review of the colloquy between the judge who accepted the plea and Mr. Bolt. He did not look at or consider at all the fact that one of his colleagues had made a finding of fact, nor did he consider, and I don't believe he was at issue. Correct. Now we have a judge who's making a finding in the PCR that competence, that your client was competent, and we have to find that finding of fact to be unreasonable. And so I'm not sure that there's a necessary conflict between the first judge saying it's an issue and the PCR judge saying, yeah, it might have been an issue, but he was competent. Well, I don't know that there's necessarily a conflict. I believe that the defect in the PCR court's ruling, which renders it susceptible overview by this court, is twofold. First, he did not consider the proper legal question. And that question is, once competence is raised, state law required a mental health evaluation. Sure, but you need to show prejudice. So let's assume you would have had the evaluation. Yes. Now, what was your prejudice from not having the evaluation? My prejudice from not having the evaluation is that the only evidence of a mental condition of Mr. Bolt at the time was the evaluation performed the night before in the hospital following his suicide attempt, that he was responding to internal stimuli, and that his judgment was impaired. That's the only evidence of his mental condition by a qualified professional. That's ignored by the PCR court. Can I follow up on this prejudice issue? I know you're running out of time, but it's what I'm interested in. Let's assume that your client would have been found incompetent. Mm-hmm. Is that sufficient to establish prejudice? Under these circumstances, I believe that the answer is yes. Well, I think that that comes directly from a number of decisions. Well, I wonder about that. Let me just sort of play it out for a second. Let's assume for purposes of discussion that he was guilty, or that his guilt was at judgement. You haven't shown that he would have been acquitted had he gone to trial. Okay. So he would have been found incompetent and eventually would have gone to trial and been convicted had his competence been restored. So you're asking us to, for prejudice justice, to assume that A, competence would be restored, and B, that he would have not been convicted in trial. I don't believe I'm asking you to go that far, and I don't believe that I need to. I believe that in order for a court proceeding to take place, that bringing a person into court when he is incompetent or when there is a substantial question about competence recognized by a court, that in and of itself is a violation of due process. So your position And the lawyer who doesn't protect that due process interest You see, your position doesn't turn on the outcome of the competency hearing. If, in fact, your client would have been found competent had there been a hearing, you wouldn't have any prejudice, right? If this court was able today to make a, or if the district court had been able to make a retrospective determination of competency, which this court has recognized can be made under the proper circumstances, the district court could have found retrospectively that had there been a competency evaluation and hearing, he would have been found competent. The district court is restricted to the state court record, though, and the state court judge found competence. So what you're asking us to say is that the state court judge's finding of competence is, what's the appropriate wording, an unreasonable finding of fact? It is an unreasonable finding of fact. Because he didn't ask the question. He did not have before him the evaluation that was required. So the factual record on which he acted was incomplete, and the question that he asked was not the proper question. Why was the factual record incomplete? He makes no reference. I don't understand. But did you put the people who, not you, but whoever conducted the state PCR, did they put the evaluation before the PCR judge? There was no evaluation other than the one that occurred. Yes, that was before the PCR judge. It was before him. Yes. So he had it. Correct. He looked at it. Correct. He didn't mention it, but he found on the basis of all the evidence in front of him that your client was competent. That certainly sounds like the state's argument. I think that it is. Tell me where it's wrong. Tell me where it's wrong. Because the opinion that he wrote, the brief letter opinion, makes no reference to the issue that pay requires, nor does it make any reference to the psychiatric evidence. But under Ed Butler, are we required to assume that when the evidence was before the judge, he considered it and made a decision based on it? I don't believe that that assumption needs to be made or should be made when the state court has not been directed to or cited the proper legal question, and the proper legal question was not referenced in his opinion. I wish you were right. Let's hear from the other side, then we'll give you a chance to respond. We took you over, but we'll give you a minute. May it please the Court, Caroline Alexander for Mark Knuth. The focus is on the post-conviction court's decision and whether that decision is entitled to deference. As this Court has recognized, the post-conviction court did find that Petitioner was competent, and I'm going to disagree with counsel because on ER 233 to 234, the post-conviction court talks about that evaluation, and it says, despite the symptoms reported to the hospital on the day before the plea, and despite the diagnostic impressions of Axis I psychosis animus, and it goes on and talks about the diagnosis, there is ample evidence that Petitioner freely and voluntarily chose to enter his plea. Why isn't Hill controlling here? Excuse me? Why isn't Hill controlling? No harm, no foul? Hill versus Lockhart and why that isn't controlling? Yes. Because I think it asks the wrong question. Because I think counsel is absolutely right that if, in fact, he'd been found incompetent, he couldn't have entered that plea. So the question is not whether he would have entered the plea and insisted on the trial, but whether he would have been found incompetent. And this Court has explained that standard in Deere v. Cohen and in Stanley v. Cohen, and I agree with that. I think this Court's analysis is correct, and that appears to be exactly what the post-conviction court did as well. That was the argument that was made to the post-conviction court, and that's what the post-conviction court did. And I think the district court went astray a little bit in applying Hill when the prejudice analysis is slightly different than that in these unusual circumstances. What is the prejudice analysis? I don't think our circuit has ever said. Your brief argues that the question is whether he would have been convicted. Isn't it a question of whether he would have gotten the competency hearing? No, I don't think it is, Your Honor. Is there a case in the circuit that decides that issue? Yes. I think counsel filed a 28-J letter last night, Stanley v. Cohen. I think that that explicates that standard very well. It was an opinion authored by Judge Fletcher. But it says in Cohen, or Stanley v. Cohen did. It was an opinion authored by Judge Fletcher followed by Butt. That was a misplaced Butt, Your Honor. And? I'm not even going to follow up on this. So tell me, Ken, tell me why, I mean, if we have to figure out whether or not the defendant would have ever been convicted, we are, as your opponent said, now going through several levels of speculation, that he would have been found competent. We don't know what the evidence is. I suppose they could have argued the evidence to the VCR court. Isn't it enough that he would have gotten a competency hearing and that we have to figure out whether or not he would have been competent? No, Your Honor. I think it does go farther than that. And what this Court said in Stanley v. Cohen is the standard is whether there is sufficient indicia of competence to give objectively reasonable counsel, reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been fully raised and considered. Okay. So I think we're in the same wavelength here. So the question is not whether he would have been convicted in the end, but whether he would have been found competent to stand trial. Right. Exactly, Your Honor. So it's not that he would have insisted, not entered the plea and insisted on trial or been convicted, but whether he would have been found competent. So what's the relevance of the plea comment we hear? I think it's very relevant. And, in fact, that's exactly what the post-conviction court talked about, at least in part, as one of the reasons why any petitioner wasn't incompetent was that colloquy. Now, certainly the district court talked about what the trial court could have done. It could have explored the competentiation more fully. It could have done this. It could have done that. But the fact is the record shows that the petitioner was sharp, lucid, able to make a statement at sentencing three days later, despite diagnoses of some kind of mental illness the day before, and counsel had absolutely no reason to doubt his competence at that time. Or he had some reason he doubted his competence that morning. Not at the time he took the plea. No, I understand, but he doubted his competence several hours before. Yes, he did, because his client wouldn't talk to him. So he had learned that his client made a suicidal gesture or an attempt. Client wouldn't cooperate with him. He wasn't able to discuss that with him or assess his mental status at that point at all. And so that's why he said, in the hearing on the motion to withdraw, I need an evaluation. I've never had this happen where a client hasn't talked to me before. Can you address the nature of the State's offer in this case? It's not an issue, but did the State really say, if you go forward with a competency evaluation, I'm withdrawing the plea offer? No, Your Honor. The circumstances of this case were that petitioner had apparently declined at least one other plea offer and maybe two. That seems not contested. Yes, exactly. He had at least one other attorney, if not two. He was on this attorney. The State had made a final offer. Trial was set for the next day. The State had called its witnesses. It was ready to go to trial. And what the State did was say to the trial court, look, this is dragged on and dragged on. Here's my concern. Counsel could have said, sure, but let's the judge this morning order an evaluation. Let me have that first. If he's evaluated by the psychologist as competent, we'll take your deal. If he's not, I can't. Why isn't that an effective assistance to counsel by saying that? See, you're telling me the offer. I thought the records indicated that the offer would have expired and he had the competency evaluation. No, it would have expired had the State had to call its witnesses for trial. But isn't that the same thing? Can the State make an offer that says there's substantial evidence that you're incompetent. We're willing to make a deal, but not if you go through with your competency evaluation. Well, I'm not sure that that's what the record reflects, Your Honor. That's why I asked. So the trial judge then says, let's go forward with competency evaluation, says to jail staff, can we get that done today? Jail staff ultimately says, I'm going to try. I'll do my best. So it wasn't a given, but that was in the works. So had it been done that day, your position is your offer would have remained open until the next morning when you called your witnesses. Right. So everything was status quo. Okay, so let's assume the State's operating in good faith here, and I'm glad to hear that. Why isn't it ineffective assistance of counsel for the lawyer then not to say, and I don't think Seval was litigated, but I'm interested in it. Great. Let's see if we can get that evaluation done. If it turns out okay, we got a deal. If it turns out bad, I can't make the deal because my client's incompetent. Because there's more, Your Honor. Because after that occurred in front of the first trial judge, petitioner then, I think, realizes, oh, wait, I want that offer. And I'll be competent. I'm just trying to, and there may be no prejudice. I'm focusing on the ineffective assistance of counsel. Right, and this is the second piece of that, Your Honor. So petitioner contacts counsel, says, look, I want to take that offer. I want that 180-month deal. Counsel met with petitioner at length, and in his affidavit before the post-conviction court said he was fully rational. He wanted to take that deal. He didn't want the evaluation. In my assessment, he was able to make that decision. So it's a Hobson's choice for counsel at that point. Do I go ahead with the competency evaluation? Maybe I'm going to lose that deal. I don't know. Or do I do what my client wants me to do when I think, in my assessment, that he's able to make that decision? And this court has said in both Garavish's colon and Stanley versus colon, counsel's in an excellent position to make that choice, to make that legal determination. And that's exactly what counsel did here. What was the maximum exposure? 240 months. So at that point, it saved him five years of incarceration. And as I understand the record, the state was saying, if you go to trial, I'm going to ask for 240. Yes. And we were facing a deadline of you've got to accept this deal before tomorrow morning. At least as I read the record, Mr. Deal thought, you've got to accept the deal before the end of the day. Like if we show up to court tomorrow before the first witness is called, you're in trouble. I think that's right, Your Honor. So in other words, he did not have until the next morning. He had that until the end of the day. I think that's right. The record's a little confusing, but I think that's the best interpretation. Doesn't the record also suggest that, and I don't know how the state court works here, that this was the only time you could get before a judge? That you need to find a judge to accept the plea, and 1.30 in the afternoon was the only time the judge had available? Yes. So there were certain times that that could happen, and the original judge that entered the order for the evaluation wasn't available. So realistically, the plea had to be accepted then or not at all. Well, I think by the end of the day. Yeah, but the end of the day meant by the end of the last time you can get yourself in front of a judge capable of taking your plea. That's probably right. Which might have been right now. I think that's a great difference. The end of the day actually is not quite right. It's right now. I know. Well, it wasn't. It was a condition of your offer, but realistically. Yeah, it wasn't right then, Your Honor, because everybody went away. It was then when petitioner called down. But right now being when they were in front of the second judge, meaning you couldn't wait until 5 o'clock. Right, oh, right, yes. Just wait until you appeared before the second judge, which was I think at about 2 o'clock. Yes, I think that might be right, yes, yes. Because the order. Because the order actually was playing pretty hard-nosed on this one. Well. We're not going to give you a long time to get this confidence evaluation. Or you can have it, but the deal's off. That there was still evidence in the record that that could have happened. But I think, again, the bottom line is simply prejudice. And I think that that's the best way to resolve the case, is even assuming the counsel was ineffective, that should have done more, insisted on the confidence evaluation. Petitioner still has to prove prejudice. He could have submitted additional evaluations in the post-conviction court. It was his burden to do that, not the state's burden. It was his burden to do that. At that point in the post-conviction proceedings, it was only a year after he submitted his plea. So any concern about retrospective competency determination just kind of goes away when it's just a year. So he could have submitted an additional evaluation showing that, in fact, he wasn't competent at the time he entered a plea, and he didn't do that. Thank you. Thank you very much. We'll take both of you over time. Mr. Waxley took you over. Would you like one minute? On the question of when the plea offer expired in the district attorney's declaration, ER-163, what he says is, I informed Gary Deal the negotiated resolution was about to be revoked. That was right after the competency hearing was ordered. So it was either take the deal now or no deal. I believe that's what the record reflects. Second point that I'd like to make in terms of the statements at page 233 in the excerpt regarding the evaluation, again, the PCR court did not say anything other than those facts do not undermine or negate the voluntariness of the plea. There is no finding there or analysis of the impact of competence. The last point that I'd like to make is that unlike nearly all of the cases cited in both briefs, this case comes to the court with a state court judge's fact finding that competence is an issue. It comes before this court with the defense attorney's affirmative motion for an evaluation. Once those two things are in the record, what came after only two hours later, I submit, does not satisfy the requirements of due process under pay. I'd like to pursue that is the ineffectiveness and the prejudice. Thank you. Okay. Ms. Alexander and Mr. Weiss, thanks both for helpful arguments. The case of Ball v. Newt is now submitted.
judges: Walter, Fletcher, Hurwitz